**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1412**

ROSAMOND ETMAIRE THOMAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 11, 2022                    Decided: March 17, 2022

Before GREGORY, Chief Judge, and THACKER and QUATTLEBAUM, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ON BRIEF:** Bernal Peter Ojeda, LAW OFFICES OF BERNAL PETER OJEDA, Westlake Village, California, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristin Moresi, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosamond Etmaire Thomas, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal of the immigration judge's order denying as time-barred Thomas' 2019 motion to reopen her deportation proceedings and declining to exercise his discretion to sua sponte reopen proceedings. As explained below, we dismiss the petition for review in part and deny it in part.

Thomas' primary argument on appeal relies on *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018) (holding that a notice to appear that fails to designate time and place for removal proceedings does not trigger the stop-time rule, codified at 8 U.S.C. § 1229b(d)(1)(A), which ends a noncitizen's continuous presence period for purposes of cancellation of removal), and, by extension, *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Review of the administrative record confirms that Thomas failed to raise this deficiency-of-notice argument before either branch of the agency. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The administrative exhaustion requirement applies to both "final orders of removal globally" and "particular claims specifically." *Shaw v. Sessions*, 898 F.3d 448, 456 (4th Cir. 2018) (alteration and internal quotation marks omitted). Because this specific iteration of Thomas' *Pereira* claim was not administratively exhausted, we dismiss the petition for review in part for lack of jurisdiction.

Thomas next assigns error to the Board's alternative ruling in which it declined to equitably toll the reopening period. Although Thomas did not raise such a contention in her 2019 motion to reopen filed in immigration court, the Board nonetheless reached the equitable tolling issue—which Thomas did raise in the administrative appeal—and found it without merit. Thomas' argument in this court, though, is nonspecific and nonresponsive to any aspect of the Board's thorough and extensive tolling analysis. We thus conclude that Thomas has waived appellate review of this part of the Board's order. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (noting issues not raised in appellate brief are waived); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

Finally, Thomas challenges the immigration judge's conclusion that her motion to reopen was number-barred. However, that ruling is not properly before us for review because the Board specifically declined to affirm that aspect of the immigration judge's order. *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)).

For these reasons, we dismiss the petition for review in part and deny it in part. *See In re Thomas* (B.I.A. Mar. 22, 2021). We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART AND DENIED IN PART*